# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

---

**In re:**

JAMES PATRICK aka JAMES LEE PATRICK,

**Debtor.**

**Bankruptcy Case No. 05-41296**

---

LUKE PETERSEN,

**Plaintiff,**

vs.

JAMES LEE PATRICK,

**Defendant.**

**Adv. Proceeding No. 05-8091**

---

## MEMORANDUM OF DECISION

---

### Background

In this adversary proceeding, Plaintiff Luke Petersen asks the Court to declare a state court judgment entered in his favor against Defendant James

MEMORANDUM OF DECISION - 1

Patrick for $87,148 excepted from discharge under § 523(a)(6).[1]  The Court conducted a hearing concerning Plaintiff's motion for summary judgment on April 26, 2006.  After reviewing the parties' submissions and arguments, the Court concludes that Plaintiff's motion for summary judgment must be denied.

### Facts

Defendant filed a voluntary petition under chapter 7 on June 16, 2005.  Plaintiff commenced this adversary proceeding on September 15, 2005.  In his complaint, Plaintiff alleged that the debt evidenced by the civil judgment he obtained against Defendant arose from Defendant's willful and malicious acts in beating Plaintiff, causing him severe injuries.  Compl., Docket No. 1.  Plaintiff seeks to have the judgment debt declared nondischargeable under § 523(a)(6).  Defendant, who is pro se, filed an answer generally denying the allegations in Plaintiff's complaint.  Ans., Docket No. 3.

Plaintiff filed a motion for summary judgment on March 17, 2006, providing little in the way of supporting documentation, *see* Affidavit, Docket No.

---

[1] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330, the Federal Rules of Bankruptcy Procedure, Rules 1001–9036, and this Court's Local Bankruptcy Rules, Rules 1001.1–9034.1, as promulgated and enacted prior to the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, 119 Stat. 23 (Apr. 20, 2005). Defendant's bankruptcy petition preceded the Act's effective date of October 17, 2005 for the provisions applicable here.

MEMORANDUM OF DECISION - 2

9, until submitting his supplemental affidavit on May 2, 2006, Docket No. 14. Defendant filed no opposing affidavits or other formal response to Plaintiff's motion. Based upon the record as submitted by Plaintiff, the following substantive facts appear undisputed.

On March 21, 1998, Defendant, along with other individuals, lured Plaintiff to a remote location where they physically attacked him and damaged the vehicle he was driving. Aff., Ex. A, Docket No. 14. Defendant, who was 16 years old at the time, was arrested for his role in the attack, and ultimately entered a guilty plea to aggravated battery, Idaho Code § 18-903(a) and § 18-907(b), and malicious injury to property, Idaho Code § 18-7001. Aff., Ex. C, Docket No. 14. In return for his plea, three felony counts of robbery were dismissed by the prosecution. On October 26, 1998, the state court entered a judgment of conviction in the criminal case, suspended all but a few weeks of Defendant's jail sentence, and placed him on probation. The court also ordered Defendant to pay Plaintiff restitution. *Id.*

Thereafter, Plaintiff sued Defendant and his cohorts in state court. He also asserted claims against the defendants' parents. Aff., Ex. A, Docket No. 14. The civil complaint alleged that three young women enticed Plaintiff to a remote area where he was stopped by five young men, including Defendant,

MEMORANDUM OF DECISION - 3

driving another vehicle.  Aff., Ex. A at ¶ 17, Docket No. 14.  The complaint alleges that the defendants attacked and beat Plaintiff causing severe physical injuries and post-traumatic stress, resulting in monetary damages.  Aff., Ex. A at ¶¶ 19–21, Docket No. 14.  The property damage claim alleges the defendants damaged the vehicle Plaintiff was driving, which apparently belonged to Ken Petersen, possibly Plaintiff's father.  Aff., Ex. A at ¶ 23–26, Docket No. 14.  Plaintiff further alleged that the defendants, including Mr. Patrick, each individually admitted their "involvement" in the beating during the course of their separate criminal actions, and as a result, the state court ordered that defendants pay Plaintiff restitution totaling $15,027.  Aff., Ex. A at ¶ 26–28, Docket No. 14.

A default judgment against Mr. Patrick and two of the other defendants was entered by the state court on August 22, 2001.  Aff., Ex. B, Docket No. 14.  The judgment recited:

> that said plaintiffs do have and recover from said defendants, Joshua Michael Chavez, James L. Patrick [Defendant] and Celeste Dodge $19,891.16 for medical expenses and property damage; $7,000.00 future medical expenses; $257.00 in court costs; and $60,000 in pain and suffering for a total judgment of $87,148.16, together with post-judgment interest at the highest statutory rate until paid in full.

Aff., Ex. B at 2, Docket No. 14.  The court entered no other orders, nor did it enter any formal findings of fact.  Aff., Ex. B, Docket No. 14.

MEMORANDUM OF DECISION - 4

The only other material information provided by Plaintiff consists of a copy of Plaintiff's request for admissions, to which Defendant failed to respond. Defendant was asked to admit that (1) he and other individuals physically attacked Plaintiff; (2) as a result, Defendant was charged with crimes including aggravated battery and malicious injury to property; (3) Defendant pled guilty to aggravated battery and malicious injury to property charges; and (4) Plaintiff obtained a judgment against Defendant in the amount of $87,148 based upon Defendant's involvement in the attack that has not been paid.  Aff., Ex. A, Docket No. 9.

While Defendant did not file a formal response to Plaintiff's motion, he did appear at the hearing and argue his position.  In response to questioning from the Court concerning whether he physically attacked Plaintiff, Defendant responded, "I was there."  Otherwise, Defendant did not contest the facts as described above.

### Plaintiff's Argument

Plaintiff argues that the debt evidenced by the civil judgment should be excepted from discharge under § 523(a)(6) based upon the doctrine of issue preclusion.  Plaintiff contends that Defendant's guilty plea to the criminal charges and the entry of the state court default judgment, coupled with Defendant's failure to respond to Plaintiff's request for admissions, establish the elements of proof

necessary under § 523(a)(6) to entitle Plaintiff to summary judgment. Mem. at 2–3, Docket No. 8. Additionally, Plaintiff asserts that Defendant's failure to respond to his summary judgment motion constitutes an independent and sufficient basis for the Court to enter summary judgment.

## Applicable Law

**A. Summary Judgment Standards.**

**1. Procedural Requirements.**

Summary judgment is governed by Fed. R. Civ. P. 56, made applicable in adversary proceedings by Fed. R. Bankr. P. 7056. The duties imposed upon a party opposing summary judgment are set forth in the Rule:

> **(e) Form of Affidavits; Further Testimony; Defense Required.** Supporting and opposing affidavits shall be made on personal knowledge, and shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. . . The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. *When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.*

MEMORANDUM OF DECISION - 6

Fed. R. Civ. P. 56(e) (emphasis added).

Despite the requirement that Defendant respond to Plaintiff's motion and supporting affidavit, Defendant presented no opposition. In such circumstances, the Rule would allow the Court to enter summary judgment against Defendant, but only "if appropriate." The Ninth Circuit has held that it is error for a trial court to grant a motion for summary judgment solely because a party failed to properly oppose it. *North Slope Borough v. Rogstad* (*In re Rogstad*), 126 F.3d 1224, 1227 (9th Cir. 1997). Therefore, the Court must weigh Plaintiff's motion based upon the merits.

### 2. Substantive Requirements.

The standards governing the consideration of a motion for summary judgment are well settled, and were cogently explained by Judge Myers in *Leimbach v. Lane* (*In re Lane*), 302 B.R. 75, 81 (Bankr. D. Idaho 2003). Summary judgment may be granted if, when the evidence is viewed in a light most favorable to the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Lane*, 302 B.R. at 81 (citing Fed. R. Civ. P. 56(e); *accord, Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 992 (9th Cir. 2001)). The Court may not weigh the evidence in considering summary judgment, but determines only whether a material factual dispute

MEMORANDUM OF DECISION - 7

remains for trial. *Id*. (citing *Covey v. Hollydale Mobilehome Estates*, 116 F.3d 830, 834 (9th Cir. 1997)). An issue is "genuine" if there is sufficient evidence for a reasonable fact finder to find in favor of the non-moving party, and a fact is "material" if it might affect the outcome of the case. *Id.* (citing *Far Out Prods.*, 247 F.3d at 992).

The initial burden of showing no genuine issue of material fact exists rests on the moving party. *Id.* A plaintiff seeking summary judgment who fails to produce sufficient evidence on one or more essential elements of a claim is no more entitled to summary judgment than one who fails to offer evidence at trial sufficient to support an elements of a claim as to which that plaintiff bears the burden of proof. *Watts v. United States*, 703 F.2d 346, 347 (9th Cir. 1983). *See also, Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (failure to make a sufficient showing on an essential element of the case with respect to which a party has the burden of proof renders other facts immaterial). Conversely, if the non-moving party bears the ultimate burden of proof on an element at trial, that party must make a showing sufficient to establish the existence of that element in order to defeat a motion for summary judgment. *Lane*, 302 B.R. at 81.

**B. The Elements of a § 523(a)(6) Claim.**

Plaintiff bears the burden of proving his claim against Defendant is

excepted from discharge under § 523(a)(6) by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 284 (1991). A determination whether a particular debt is for "willful and malicious injury by the debtor to another" under § 523(a)(6) requires application of a two-pronged test. *Dominguez v. Elias* (*In re Elias*), 302 B.R. 900, 906–7 (Bankr. D. Idaho 2003). The creditor must prove that the debtor's conduct in causing the claimant's injuries was both willful and malicious. *Elias*, 302 B.R. at 907 (citing *Carrillo v. Su* (*In re Su*), 290 F.3d 1140, 1146–47 (9th Cir. 2002)).

> Willfulness requires proof that the debtor "deliberately or intentionally injured the creditor, and that in doing so, the debtor intended the consequences of his act, not just the act itself." *Elias*, 302 B.R. at 907 (citing *Kawaauhau v. Geiger*, 523 U.S. 57, 61–62 (1998)). The debtor must act with a subjective motive to inflict injury, or with a belief that injury is substantially certain to result from the conduct. *Id.* (citing *In re Su*, 290 F.3d at 1143).

> Thus, a creditor cannot prevail in an action brought under § 523(a)(6) unless it is shown that the debtor had actual knowledge that harm to the creditor was substantially certain to occur from the debtor's acts . . . However, actual knowledge may be shown through circumstantial evidence of 'what the debtor must have actually known when taking the injury-producing action . . . .'

*Id.* (internal citations omitted).

MEMORANDUM OF DECISION - 9

For conduct to be malicious, the creditor must prove that the debtor: (1) committed a wrongful act; (2) done intentionally; (3) which necessarily causes injury; and (4) was done without just cause or excuse. *Id.*

**C. Issue Preclusion.**

Collateral estoppel, or issue preclusion, as it is now termed, applies in dischargeability actions. *Grogan*, 498 U.S. at 284 n.11. To determine a judgment's preclusive effect, the Court must apply the law of the state in which the judgment was rendered. *Voorhees v. Rosencrantz* (*In re Rosencrantz*), 95 I.B.C.R. 129, 130 (Bankr. D. Idaho 1995); *see also, Elias*, 302 B.R. at 908 (applying issue preclusion to state and federal judgments in a nondischargeability proceeding).

Under Idaho law, five elements must be established before issue preclusion may be applied to a court's judgment: (1) the party against whom preclusion is asserted had a full and fair opportunity to litigate the issue decided in the earlier case; (2) the issue decided in the prior litigation was identical to the issue presented in the present action; (3) the issue sought to be precluded was actually decided in the prior litigation; (4) there was a final judgment on the merits in the prior litigation; and (5) the party against whom the issue is asserted was a party or in privity with a party to the litigation. *Elias*, 302 B.R. at 911 (citing

MEMORANDUM OF DECISION - 10

*Rodriguez v. Dep't of Correction*, 29 P.3d 401, 404 (Idaho 2001)).

## Disposition of the Issues

**A. The Criminal Conviction.**

Plaintiff argues his claim against Defendant resulting from the civil judgment is excepted from discharge under § 523(a)(6) based upon the preclusive effect of the judgment of conviction entered against Defendant in the criminal proceedings. There are two reasons Plaintiff may not rely upon the criminal conviction in this case. First, the conviction was entered based upon Defendant's guilty plea, and thus, no issues were actually adjudicated by the court in the criminal action. And second, even if a judgment based upon a guilty plea effectively "decided the issues," the willfulness element of the charge of aggravated battery under Idaho law is not sufficient to satisfy the willfulness prong under § 523(a)(6).

Convictions entered as a result of a plea agreement do not necessarily establish that the defendant was guilty beyond a reasonable doubt. Policy reasons have been offered by some courts declining to rely upon guilty pleas for estoppel purposes. For example, in *Teitelbaum Furs Inc. v. Dominion Ins. Co.*, 375 P.2d 439, 441 (Cal. 1962), *cert denied*, 372 U.S. 966 (1963), the court explained

MEMORANDUM OF DECISION - 11

> [w]hen a plea of guilty has been entered in the prior action, no issues have been 'drawn into controversy' by a 'full presentation' of the case. It may reflect only a compromise or a belief that paying a fine is more advantageous than litigation. Considerations of fairness to civil litigants and regard for the expeditious administration of criminal justice . . . combine to prohibit the application of collateral estoppel against a party who, having pleaded guilty to a criminal charge, seeks for the first time to litigate his cause in a civil action.

*Teitelbaum Furs, Inc.*, 375 P.21d at 441. *See also, Haring v. Prosise*, 462 U.S. 306, 316 (1983) (holding that issue preclusion would not be applied by Virginia state courts because the issue in the subsequent civil suit was not actually litigated in the prior criminal proceeding, since the conviction was based upon a guilty plea).

While it is clear under Idaho law that a guilty plea is admissible in a subsequent civil suit arising out of the same occurrence as an admission by a party-opponent, the Idaho courts have not directly addressed whether a judgment of conviction based upon a guilty plea would foreclose subsequent litigation based upon issue preclusion. *See Beale v. Speck*, 903 P.2d 110, 115 (Idaho 1995) (explaining the distinction between utilizing a conviction for collateral estoppel purposes in a subsequent civil action versus the admissibility of a guilty plea as evidence in that action); *Anderson v. City of Pocatello*, 731 P.2d 171, 177 (Idaho

MEMORANDUM OF DECISION - 12

1987) ("The question of whether a conviction can act as collateral estoppel in a subsequent civil action is distinct from and unaffected by the question of whether a guilty plea or conviction is admissible."); *Mattson v. Bryan*, 448 P.2d 201 (Idaho 1968) and *Koch v. Elkins*, 225 P.2d 457 (Idaho 1950) (confirming that a guilty plea is admissible in a subsequent civil suit).

In *Anderson*, the plaintiffs sought to use defendant's criminal conviction for misdemeanor assault to preclude relitigation of issues during a later civil trial involving the same incident. The defendant had been charged with a felony, and after a jury trial, was convicted of a lesser included misdemeanor charge. The court, after careful consideration, held that a judgment of conviction under such circumstances could act as collateral estoppel in subsequent civil suits involving the same issues, especially when the defendant was charged with a felony and had an incentive to defend against the charge. *Anderson*, 731 P.2d at 178–79.[2]

A different result, however, may be required in Idaho when a conviction is entered because of a guilty plea. *Beale*, 903 P.2d at 115–16. In *Beale*, the court considered whether a guilty plea to a minor traffic offense should

---

[2] The court distinguished convictions for minor offenses, where defendants may lack incentive to vigorously defend resulting in a failure of the prong requiring a full and fair opportunity to litigate the issue. *Anderson*, 731 P.2d at 179.

MEMORANDUM OF DECISION - 13

thereafter be admissible and given preclusive effect in the trial of a negligence action. The court held that while a guilty plea to a minor traffic offense would be admissible as an admission of a party opponent, the plea would not be conclusive, and the party against whom the evidence was offered should be allowed to explain the circumstances under which the plea was entered. *Beale*, 903 P.2d at 119.[3] The court explained that, with respect to traffic violations, guilty pleas may be entered for reasons other than guilt, such as convenience or expediency. *Beale*, 903 P.2d at 117–119.

Here, Defendant pled guilty to aggravated battery and malicious injury to property in return for the prosecution's agreement to dismiss three additional felony counts. The maximum sentence for aggravated battery is fifteen years imprisonment, while the maximum penalty for malicious injury to property is five years. Idaho Code § 18-111, § 18-908, and § 18-7001. Defendant, who was sixteen at the time, received a suspended sentence and 120 days in jail (with credit for time served), plus an additional ninety days at the discretion of his

---

[3] Under federal issue preclusion case law, a conviction based upon a guilty plea entered in a federal criminal action may be preclusive. In *United States v. Real Property Located at Section 18, Township 23, Range 9*, 976 F.2d 515, 519 (9th Cir. 1992), the Ninth Circuit explained that in this circuit, a guilty plea "may be used to establish issue preclusion in a subsequent civil suit . . . where an element of the crime to which the defendant pled guilty or of which he was convicted was at issue in the second suit." The panel considered the reasoning expressed in *Haring v. Prosise*, 462 U.S. 306 (1983) to be in accord.

MEMORANDUM OF DECISION - 14

probation officer. This evidence, when viewed in a light most favorable to Defendant, suggests that Defendant may have entered his plea for reasons other than guilt beyond a reasonable doubt. Consequently, under circumstances such as these and in accordance with the policy considerations expressed in *Beale*, the Court is not inclined to apply issue preclusion.

Moreover, the Idaho appellate courts have yet to consider whether a felony conviction entered based upon a guilty plea, and not based upon a jury verdict, deserves preclusive effect. Because the Idaho courts have not analyzed the issue, this Court is reluctant to conclude that, as in *Beale*, the defendant should not be given an opportunity to explain the circumstances surrounding the crime and entry of the plea. For the same policy reasons expressed by other courts, and in the absence of clear instruction by the Idaho courts, this Court declines to give preclusive effect to Defendant's criminal conviction in this action. The Court is not persuaded that the issues were "actually litigated" under these circumstances.

Even if issue preclusion were applicable though, the Court concludes that the willfulness element of § 523(a)(6) would not be preclusively established by Defendant's criminal conviction. The proof required by the Idaho criminal statute and the Code provision are not equivalent.

MEMORANDUM OF DECISION - 15

Aggravated battery is defined as the willful and unlawful use of force or violence upon another person with a deadly weapon. Idaho Code §§ 18-903(a), 18-907(b). The elements of battery under Idaho Code § 18-903(a) require a showing that the defendant "purposely used force or violence upon the victim's body. Although it is not necessary that the defendant know that the act is illegal or intend that it cause bodily injury, it is necessary that the defendant intend a forceful or violent contact with the other person." *State v. Macias*, 129 P.3d 1258, 1260 (Idaho 2005) (citing *State v. Billings*, 54 P.3d 470, 473 (Idaho Ct. App. 2002)). Willfulness for purposes of § 523(a)(6), on the other hand, requires proof that Defendant acted with actual knowledge that harm to another is substantially certain to occur, and that the debtor intended not just the act, but the consequences of the act as well.

This is the same distinction, albeit a subtle one, addressed by this Court in *Elias*. 302 B.R. at 908. Under Idaho law, the criminal statute requires that the actor intend to make contact with the victim's body. That proof would not necessarily establish that Defendant acted with the requisite subjective intent to inflict injury, or that Defendant intended the consequences of his act. Simply put, Plaintiff could commit the crime of battery by intending only his acts, even though he may not have been substantially certain that his act would injure Plaintiff.

MEMORANDUM OF DECISION - 16

Therefore Defendant's plea of guilt to this crime,[4] standing alone, does not establish that Defendant acted willfully for purposes of § 523(a)(6).[5]

**B. The Civil Judgment.**

The Court concludes that the state court default judgment entered in favor of Plaintiff and against Defendant satisfies elements (1), (4), and (5) established for issue preclusion by the Idaho courts as discussed by this Court in *Elias* and above. Defendant was a party in the state court action; the default judgment is a final judgment on the merits; and Defendant had a full and fair opportunity to litigate the issues in state court. *See Elias*, 302 B.R. at 911. Defendant has offered no contradictory evidence as to any of these facts.

---

[4] The Court will not address the elements of malicious injury to property, since the property damaged belonged to someone other than Plaintiff in this action.

[5] This result is consistent with the Court's other decisions in the context of discharge exceptions. In *Voorhees v. Rosencrantz* (*In re Rosencrantz*), 95 I.B.C.R. 129 (Bankr. D. Idaho 1995), the Court granted summary judgment to the plaintiff under § 523(a)(9) (excepting from discharge debts for personal injury caused by a debtor's operation of a motor vehicle while intoxicated) based upon issue preclusion because the defendant had been convicted of a crime after a jury trial and the trial testimony established the elements of § 523(a)(9). In *Bankers Life & Cas. Co. v. Gilmore* (*In re Gilmore*), 141 B.R. 734 (Bankr. D. Idaho 1992), after a trial in the adversary proceeding, the Court concluded that the testimony and evidence, which included a copy of a criminal information and defendant's statements in open court concerning his guilty plea and admission to the charge of theft, established the elements of § 523(a)(6). In both cases, conclusive proof of defendant's guilt, in the form of trial testimony in *Rosencrantz* and the debtor's in-court admissions of guilt in *Gilmore*, established the elements of the discharge exception. Here, the only evidence upon which Plaintiff relies is the judgment of conviction entered after Defendant's guilty plea.

MEMORANDUM OF DECISION - 17

However, whether the remaining requirements for issue preclusion are established requires careful consideration. The allegations made in the complaint are taken as true upon entry of a default. *In re Elias*, 302 B.R. at 912. Additionally, Defendant's failure to respond to the requests for admission in this action renders the matters set forth in those requests conclusively established. FED. R. CIV. P. 36, made applicable by FED. R. BANKR. P. 7036. But, upon closer scrutiny, even if all of the allegations in Plaintiff's state court complaint and the requests for admission are deemed to be true, the record remains insufficient to support application of issue preclusion.

The state court complaint and judgment, as well as the requests for admission, are ambiguous in describing the specific conduct in which Defendant engaged. The complaint alleged that Defendant, as part of a group of persons, attacked Plaintiff causing him injuries. The default judgment was entered against three of the named defendants and contained no factual findings concerning Defendant's role in causing Plaintiff's injuries, nor did it explain the factual basis for the damage award. The judgment also does not apportion damages among the three defaulting defendants according to their specific conduct.

The requests for admission suffer from the same problem, as Defendant was asked to admit that he "and other individuals" attacked Plaintiff.

MEMORANDUM OF DECISION - 18

The requests similarly failed to establish that Defendant, with the requisite willful and malicious state of mind, actually caused the physical harm and the damages Plaintiff suffered.  Furthermore, lacking any details concerning the particular conduct in which Defendant engaged, the Court can not infer that Defendant acted with the required subjective intent.

The Court declines to declare, on summary judgment, the state court money judgment preclusively establishes that the debt should be excepted from discharge in bankruptcy because it arises from a willful and malicious injury.  *See Roe v. Rule Sales Servs., Inc.* (*In re Rule*), 05.2 I.B.C.R. 29, 31 (Bankr. D. Idaho 2005) (declining to apply issue preclusion to a civil judgment entered by consent when the judgment was ambiguous as to which of two defendants' conduct caused the plaintiffs' damages, and denying summary judgment).

## Conclusion

Neither the criminal conviction entered because of Defendant's guilty plea, nor the civil default judgment and the requests for admission establish the elements necessary to except Plaintiff's debt from discharge under § 523(a)(6). Section 523(a)(6) requires not only that Defendant acted to injure Plaintiff, but that his acts be willful and malicious.  The record does not establish these facts. Because Plaintiff bears the burden of proving the elements of the discharge

MEMORANDUM OF DECISION - 19

exception, Plaintiff's motion for summary judgment will be denied by separate order, and this action will be set for trial.

Dated: June 19, 2006

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION - 20